On Application for Rehearing.
Breaux, J.
Plaintiff urges that his predecessors in title were entitled to a notice of the intended sale for taxes.
In the alternative, that the court should order the cancellation of the liens, privileges and mortgages, for the taxes of 1877 and 1878.
In words different from those used in the original opinion we reiterate; ordinarily the assessor need not look beyond the recorded title, and we cite, in support of the opinion, Adolph vs. Richardson, 52nd Ann., 1156; Reinach & Oteri vs. Improvement Company, 50th Ann., 497, and Augusti vs. Bank, 46th Ann., 529.
This view is not controverted by plaintiff, who, however, contends, on another ground, viz: That Jacobs, the adjudicatee and adverse claimant, can not hold, because he did not pay, as an adjudicatee, all the-taxes due on the property; that his sale was void to the knowledge of the city, and that the city could not acquire title on an asessment so absolutely void.
The fact is that Jacobs did pay all the taxes 'due to the State.
In our opinion we held that this was sufficient, as relates to that one issue only, to give him title as against the State and that as the city’s interest was not affected by this sale, the sale was not void even if he had failed to pay the taxes due to the city, and that while it may be void on other grounds, the court, with the record made as it is, declined to pass upon other issues, as relates to the assessment and sale. This brings us to the second ground growing out of the application to amend the decree (and that without granting a rehearing), by ordering the cancellation of the liens and mortgages of 1877 and 1878. By the effect of section 20 of the city charter of 1870, prescription did not run against taxes .and the liens and mortgages by which they were secured.
This statute was in full force and effect until the statute of 1877 was enacted. By this last statute the prescription of three years was made to apply to privileges and pledge, but not to mortgage.
In State ex rel. Jackson vs. Recorder, 34 Ann., 178, the court said (by Act 68 of 1870, city charter) that taxes were secured by mortgages as well as by privilege and pledge; that while the statute of 1877, No. 96, subjected privilege and pledge to the prescription of three years, it *2049 was silent as to mortgages and that mortgages still remained imprescriptible.
It was only in -1880 that the Legislature provided that all tax mortgages and tax privileges were subject to the prescriptions of three, years. As legislation regarding taxes applies only to the future it follows that the taxes for 1877 and 1878, as relates to the mortgages by which they are secured, still remain imprescriptible. We are constrained to adhere to Reed vs. Creditors, 39th Ann., 115, and Jackson vs. Recorder, 34th Ann., 178, although they are not in accord with a decision of a more recent date to which counsel invites our attention.. These above cited decisions are nearly contemporaneous with the dates of the statute in question, and, besides, accord with our view of the question. We, therefore, decline to amend our decree and order the encumbrance in question, to be cancelled.
Rehearing refused.